Of Counsel:
FUKUNAGA MATAYOSHI CHING & KON-HERRERA, LLP

JEROLD T. MATAYOSHI     2747
TRACY CHUC              12044
Topa Financial Center, Bishop Tower
700 Bishop Street, Suite 2003
Honolulu, Hawaii  96813
Telephone: (808) 533-4300
jtm@fmhc-law.com; tc@fmhc-law.com

Attorneys for Defendant
UNITED SPECIALTY INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| GRELYN OF HAWAII INC., | CIVIL NO. |
|---|---|
| Plaintiff, | NOTICE OF REMOVAL; EXHIBIT "A"; CERTIFICATE OF SERVICE |
| vs. | |
| UNITED SPECIALTY INSURANCE COMPANY, a Texas corporation, and DOES 1-10, | |
| Defendants. | No trial date set. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant United Specialty Insurance Company ("USIC") hereby gives notice of its removal of the civil action styled, *GRELYN OF HAWAII INC. v. UNITED SPECIALITY INSURANCE*

*COMPANY, a Texas Corporation, and DOES 1-10*, Case No. 2CCV-26-0000039, in the Second Circuit Court, State of Hawaii ("State Court Action"), to the United States District Court, District of Hawaii. USIC states the following in support:

**A.    Diversity of Citizenship**

1. According to Plaintiff's Complaint, Plaintiff Grelyn of Hawaii Inc. ("GHI" or "Plaintiff") is a corporation organized and existing under the laws of the State of Hawaii. See **Exhibit A,** Complaint at ¶ 1. Based on this representation, GHI is a citizen of the State of Hawaii for purposes of diversity.

2. At the time Plaintiff's Complaint was filed and continuing to the present, USIC has been an insurance company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1900 L. Don Dodson, Bedford, Texas 76021. Thus, USIC is a citizen of Delaware and Texas for the purposes of diversity.

3. No Plaintiff is a citizen of Delaware or Texas.

4. Pursuant to 28 U.S.C. § 1441(b)(1), in determining whether a civil action is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded.

5. Accordingly, there is complete diversity of citizenship between Plaintiff and USIC.

**B.  The Amount in Controversy is Satisfied**

6. The United States District Courts hold original jurisdiction over, *inter alia*, all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and which are between citizens of different states. 28 U.S.C. § 1332(a)(1).

7. Plaintiff's Complaint does not limit the amount of damages recoverable to under $75,000. Exhibit "A", Count I *ad damnum* clause.

8. This action relates to a property insurance claim presented for fire and smoke damage to a commercial property located at 885 Waine'e Street, Lahaina, Hawaii 96761 ("Property") under a commercial insurance policy issued by USIC, policy number LDM-PROP-1000017957.

9. To date, USIC has paid Plaintiff $1,462,101.89 to repair and/or replace covered damage to the Property.

10. Plaintiff claims that USIC owes Plaintiff additional amounts for covered damage to the Property, which USIC disputes.  Exhibit "A", ¶ 13.

11. Plaintiff has provided USIC with preliminary cost estimates for repairs to the Property in excess of $2,000,000, therefore, Plaintiff seeks amounts over and above what USIC has paid to date in excess of $75,000. Therefore, Plaintiff's alleged monetary damages exceed the jurisdictional minimum set forth in 28 U.S.C. § 1332(a)(1).

12. The amount in controversy requirement for diversity jurisdiction is met in this case.

**C.    USIC Has Satisfied the Procedural Requirements for Removal**

13. This Notice of Removal has been filed within thirty (30) days after receipt by USIC of the Complaint on February 6, 2026, pursuant to 28 U.S.C. § 1446(b).

14. Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Complaint and all pleadings, filings and orders served on or by Defendant in the above-captioned litigation are attached as **Exhibit A**.

15. Under 28 U.S.C. § 1446(b), only the consent of properly joined and served defendants is required for removal.

16. Furthermore, nominal, unknown, or "doe" defendants need not consent. *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 n.4 (D. Haw. 2010).

17. USIC consents to this removal. There are no other defendants whose consent must be obtained relative to the same.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Second Circuit Court, State of Hawaii, where the State Court Action is pending.

19. By removing this action to this Court, USIC does not waive any defenses, objections, or motions available under state or federal law. USIC expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal of its Complaint in its entirety. This includes, but is not limited to, dismissal on grounds of failure to state a claim, lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and/or under the doctrine of forum non conveniens.

\\

\\

\\

\\

**WHEREFORE**, for the reasons set forth above, UNITED SPECIALTY INSURANCE COMPANY hereby removes this action from the Second Circuit, State of Hawaii, to the United States District Court for the District of Hawaii.

DATED: Honolulu, Hawai`i,   February 27, 2026


  /s/  Jerold T. Matayoshi
JEROLD T. MATAYOSHI
TRACY CHUC

Attorneys for Defendant
UNITED SPECIALTY INSURANCE COMPANY